FOURTH DISTRICT—OCTOBER, 1913. 483

Halbert v. Louisville & Nashville R. Co., 183 Ill. App. 483.

# William U. Halbert, Administrator, Appellee, v. Louisville & Nashville Railroad Company, Appellant.

## (Not to be reported in full).

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the March term, 1913. Reversed and remanded. Opinion filed October 9, 1913.

## Statement of the Case.

Action by William U. Halbert, administrator of the estate of John Scadman, deceased, against the Louisville & Nashville Railroad Company, a corporation, to recover damages for a death caused by wrongful act. From a judgment for plaintiff for two thousand five hundred dollars, defendant appeals.

J. M. HAMMILL and C. P. HAMMILL, for appellant.

M. V. JOYCE and A. P. GARRETT, for appellee.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

## Abstract of the Decision.

1. DEATH, § 63*—*when damage must be shown.* In order that a mother not living with a son may obtain more than merely nominal damages, in an action for damages sustained by her son's death, it is necessary to show pecuniary interest in the continuance of the life of the deceased.

2. DEATH, § 42*—*material averment of damage must be proved* In an action for death by wrongful act, an averment in the declaration that the deceased contributed to the support of his mother during his lifetime is material and must be proved by competent testimony.

3. EVIDENCE, § 224*—*when based on hearsay is improper.* Testimony based upon hearsay statements is improper.

4. EVIDENCE, § 224*—*when hearsay.* In an action for wrongful death, testimony of witnesses that deceased stated he was going to send money to his mother is hearsay.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

5. EVIDENCE, § 224*—*when not hearsay.* In an action for wrongful death, testimony of a witness that he gave deceased's mother money that deceased sent her is not hearsay.

6. DEATH, § 48*—*when evidence to show damage is inadmissible.* In an action for wrongful death, receipts reciting that money was received from deceased to be remitted to his brother-in-law and that a bank money order was mailed to such person are incompetent for the purpose of showing a payment to deceased's mother and also as being based on hearsay and where there is no further evidence that the money was paid to the mother of deceased other than to deceased's declarations that he was going to send money to his mother.